IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00434-GPG

HUY HOANG NGUYEN,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Respondents.

## TEMPORARY RESTRAINING ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner-Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Motion) (D. 2). The Court GRANTS IN PART the Motion (D. 2) as follows:

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701. After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

Petitioner has presented sufficient evidence to indicate that Respondents will not remove him from the country in the reasonably foreseeable future, and there is no indication of another basis for Petitioner's continued detention (*see* D. 1 at ¶¶ 26-28). Petitioner has been in custody since October 2024, when he unlawfully entered intending to seek asylum (*id.* at ¶ 23). ICE placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229(a) (*id.*). An IJ entered an order for Petitioner's removal as well as an order withholding removal to Vietnam (his country of origin) due to likelihood of persecution (*id.* at ¶¶ 1, 24). Both orders became final on August 7, 2025 (*id.* at ¶ 24). Since then, ICE told Petitioner that it sent messages to several other countries requesting that ICE be allowed to remove him there, but each request was rejected (D. 2 at 13). Accordingly,

good cause appears to require Respondents to show cause why Petitioner should not be released or granted other relief on the basis that there is no significant likelihood of removal in the reasonably foreseeable future.

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

The Government is constitutionally obligated to provide due process. *Zadvydas*, 533 U.S. at 690. "'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). To protect the status quo, the Court enters this TRO enjoining Respondents from removing Petitioner from the District of Colorado to another location within

the United States, e.g., an immigration holding facility in another District but outside the jurisdiction of this Court.  The Court further enjoins Respondents from removing Petitioner out of the United States to Vietnam.  The Court specifically does not enjoin Respondents from removing Petitioner to another nation which might agree to accept him (but not as a transit stop to Vietnam) other than Vietnam.  The Court expresses no view as to the merits of the Petition and does not rule on any of the other relief Petitioner seeks, such ordering his release (*see* D. 1 at 11; D. 2 at 13).

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or from the United States to Vietnam unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order.  *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).  Within thirty (30) days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).  Petitioner may file a reply within thirty (30) days thereafter.

DATED February 6, 2026.

            BY THE COURT:

            _____
            Gordon P. Gallagher
            United States District Judge