IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-00434-GPG

HUY HOANG NGUYEN,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity,
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Respondents.

## ORDER

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (D. 1). The Court GRANTS IN PART the Petition for the following reasons. Because the briefing demonstrates that Petitioner Nguyen's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

1

The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## I.  FACTS

This civil action arises from Petitioner's detainment at Immigration and Customs Enforcement's (ICE) Denver Contract Detention Facility in Aurora, Colorado pending a determination in his removal proceedings.[1]  Petitioner is a native of Vietnam who has been in ICE detention since unlawfully entering the United States in October 2024 to seek asylum (D. 1 at ¶ 23). ICE placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229(a) (*id.*).  An immigration judge entered an order for Petitioner's removal as well as an order withholding removal to Vietnam due to likelihood of persecution (*id.* at ¶¶ 1, 24).  Both orders became final on August 7, 2025 (*id.* at ¶ 24).  Since then, ICE told Petitioner that it sent messages to several other countries requesting that ICE be allowed to remove him there, but each request was rejected (*id.* at ¶ 26).

Petitioner filed this habeas case arguing that his continued detention is in violation of the Immigration and Nationality Act (INA) and the Due Process Clause of the Fifth Amendment (D. 4).  Petitioner also filed a motion for a temporary restraining order (D. 2), which the Court

---

[1] The Court draws the operative facts as set forth in Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (D. 1).

granted in part on February 6, 2026 (D. 8).  On May 11, 2026, Respondents filed their response to the Petition (D. 11).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241.  The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.  ANALYSIS

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal.  533 U.S. 678, 699 (2001).  "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody."  *Id*. at 683 (citing 8 U.S.C. § 1231(a)(2)).  Thereafter, detention is discretionary.  *Id*. (citing 8 U.S.C. § 1231(a)(6)).  After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id*. at 701.  After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'"  *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

Petitioner has presented sufficient evidence to indicate that Respondents are struggling to remove him from the country in the reasonably foreseeable future (*see* D. 1 at ¶¶ 26–27). Petitioner has been in ICE custody since October 2024 (*id.* at ¶ 23). In that time, ICE has seemingly struggled to effectuate his removal to any country that is not Vietnam (*see id.* at ¶ 26). And it appears to continue to struggle. In their response, Respondents state that they "not have additional information to present to the Court concerning their efforts to remove Petitioner to a third country, beyond what is alleged in the petition (D. 11 at 4). These facts cast strong doubt on the likelihood of success of ICE removing Petitioner. However, unlikely as the measure taken by ICE may be, they are still pending efforts to remove Petitioner. As such, the Court does not see fit to order Petitioner's immediate release but will grant Respondents fourteen more days to see if their efforts will come to fruition.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 4) is GRANTED IN PART, to the extent Petitioner requests release from custody absent a significant likelihood of removal in the reasonably foreseeable future. Respondents are ORDERED to either effectuate Petitioner's removal from the United States or release Petitioner from custody within FOURTEEN DAYS of this Order.

DATED March 11, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge